1  **WO**                                                                                      SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

George Reed, III,                          )    No. CV 1-08-00910-MHM

9                                           )
                Plaintiff,                  )    **ORDER**

10                                          )
vs.                                         )

11                                          )
Captain Williams, et al.,                   )

12                                          )
                Defendants.                 )

13  _____ )

14          Plaintiff George Reed, III, who is now confined in the Kern Valley State Prison[1] in

15  Delano, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.[2]

16  (Doc.# 1.)  The Court dismissed the Complaint for failure to comply with Rules 8 and 10 of

17  the Federal Rules of Civil Procedure with leave to amend.  (Doc.# 11.)  Plaintiff has filed a

18  First Amended Complaint with a Declaration.  (Doc.# 12.)  The Court will order Defendant

19  Herrera to answer Plaintiff's claim of deprivation of property in violation of due process and

20  will dismiss the remaining claims and Defendants without prejudice.

21  **I.      Statutory Screening of Prisoner Complaints**

22          The Court is required to screen complaints brought by prisoners seeking relief against

23  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

24  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

25  _____

26      [1]  Plaintiff filed a notice of change of address on October 23, 2008.  (Doc.# 8.)
    "Doc.#" refers to the docket number of filings in this case.

27      [2]  This case was reassigned to the undersigned judge on November 24, 2008.

28

JDDL

1   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

2   be granted, or that seek monetary relief from a defendant who is immune from such relief.

3   28 U.S.C. § 1915A(b)(1), (2).

4        A pleading must contain a "short and plain statement of the claim *showing* that the

5   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

6   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

7   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

8   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9   statements, do not suffice."  Id.

10       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

11  claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

12  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

13  that allows the court to draw the reasonable inference that the defendant is liable for the

14  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

15  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

16  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

17  allegations may be consistent with a constitutional claim, a court must assess whether there

18  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

19  **II.    First Amended Complaint**

20       Plaintiff seeks relief for denial of visitation, the handling of a grievance appeal,

21  deprivation of property, and disciplinary proceedings.  Plaintiff sues Captain Williams,

22  "CC I" Spradly, and "CC II" S. Kern of the Pleasant Valley State Prison (PVSP), where the

23  events at issue occurred.  Plaintiff also sues PVSP Appeal Coordinators R. Shannon, C.

24  Hudson, H. Martinez, and J. Herrera.  Plaintiff seeks compensatory relief.

25  **III.   Failure to State a Claim**

26       To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

27  conduct about which he complains was committed by a person acting under the color of state

28  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

1    *Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional

2    claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of

3    a particular defendant, and he must allege an affirmative link between the injury and the

4    conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

5              **A.     Visitation**

6              In his First Amended Complaint and Declaration, Plaintiff contends that he was

7    denied visitation in violation of his Eighth Amendment right against cruel and unusual

8    punishment and his Fourteenth Amendment equal protection rights based on the following

9    facts:   On May 8, 2007, Defendant Spradly failed to follow California Department of

10   Corrections and Rehabilitation (CDCR) and Board of Prison Term (BPT) rules by taking

11   away Plaintiff's visitation rights based on a 2001 disciplinary charge for inappropriate

12   behavior.  Plaintiff contends that he was never convicted of a sex crime with a minor but has

13   been treated like a sex offender.  He also contends that he was not denied visitation when he

14   was held at other California prisons.  Plaintiff alleges that Defendant Williams failed to act

15   after being informed by Plaintiff and his mother of the visitation issue and after telling

16   Plaintiff's mother that he would act.

17             Inmates do not have a constitutional right to unfettered visitation.  *See* *Kentucky*

18   *Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Keenan v. Hall*, 83 F.3d 1083, 1092

19   (9th Cir. 1996).  As noted by the Supreme Court, "[a]n inmate does not retain rights

20   inconsistent with proper incarceration[;] . . . freedom of association is among the rights least

21   compatible with incarceration."  *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations

22   omitted).  Restrictions on visitation may be upheld when they further legitimate penological

23   objectives, such as modifying disruptive inmate behavior.  *See* *Beard v. Banks*, 548 U.S. 521,

24   533 (2006).  And the withdrawal of visitation privileges for a limited period is not "a

25   dramatic departure from accepted standards for conditions of confinement."  *Overton*, 539

26   U.S. at 137.  The Ninth Circuit has flatly held that prisoners have no right to contact

27   visitation.  *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); *Toussaint v.*

28   *McCarthy*, 801 F.2d 1080, 1113 (9th Cir. 1987).

1   To state a claim based upon restrictions on visitation, a plaintiff must allege facts to
2   support that the denial of visitation constituted an "atypical and significant" hardship in
3   relation to the ordinary incidents of prison confinement.  See Sandin v. Connor, 515 U.S.
4   472, 484 (1995).   In analyzing whether a hardship is atypical and significant, three
5   guideposts to consider are: (1) the conditions of confinement; (2) the duration of the
6   condition and the degree of restraint imposed; and (3) whether the sanction will affect the
7   duration of the prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003);
8   Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), op. amended, 135 F.3d 1318 (1998).
9   "As long as the conditions or degree of confinement to which the prisoner is subjected is
10   within the sentence imposed upon him and is not otherwise violative of the Constitution, the
11   Due Process Clause does not in itself subject an inmate's treatment by prison authorities to
12   judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976).

13   Plaintiff fails to allege facts to support that restrictions on visitation rose to the level
14   of an atypical and significant hardship.  He fails to allege the extent to which visitation was
15   limited, e.g., days, months, or years, or whether he was denied all visitation, denied contact
16   visitation, or merely limited in who could visit him.  Absent such facts, Plaintiff fails to state
17   a due process or Eighth Amendment claim.

18   Plaintiff also argues that restrictions on visitation violated his Fourteenth Amendment
19   equal protection rights.  The Equal Protection Clause of the Fourteenth Amendment provides
20   that a state may not "deny to any person within its jurisdiction the equal protection of the
21   laws," which is essentially a direction that all persons similarly situated should be treated
22   alike.  U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S.
23   432, 439 (1985).   A state practice that interferes with a fundamental right or that
24   discriminates against a suspect class of individuals is subject to strict scrutiny.
25   Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); Hydrick v. Hunter, 466 F.3d
26   676, 700 (9th Cir. 2006).  Inmates do not constitute suspect class.  See Webber v. Crabtree,
27   158 F.3d 460, 460 (9th Cir. 1998).  Absent allegations that he is a member of a suspect class,
28   or that a fundamental right has been violated, a plaintiff must allege facts to support that he

1  has been intentionally treated differently from others who are similarly situated without a

2  reasonable basis therefor.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

3  Conclusory allegations do not suffice.  See Village of Arlington Heights v. Metropolitan

4  Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

5       Plaintiff fails to allege facts to support that he a member of suspect class.  That is, he

6  does not allege that he has been treated differently than similarly-situated individuals based

7  on a suspect characteristic such as race, gender, or national origin.  He also fails to allege

8  facts to support that he was treated differently, for intentional and arbitrary treatment, than

9  similarly-situated individuals or the violation of a fundamental right.  Plaintiff therefore fails

10  to state a claim for violation of his equal protection rights based on visitation restrictions.

11       **B.**    **Disciplinary Proceedings**

12       In his First Amended Complaint and Declaration, Plaintiff also alleges that his due

13  process rights were violated in connection with the processing of an appeal from a

14  disciplinary charge based on the following facts:  On July 27, 2007, Plaintiff filed a second

15  appeal, which was denied based on a "128 chrono."  Plaintiff contends that Defendants

16  Shannon, Hudson, and Martinez knew that Plaintiff would not be given supporting

17  documentation or information.  Plaintiff contends the Coordinators are "corrupt" and violated

18  his due process rights under In re Scott, 113 Cal. App. 4th 38, 44 (Cal. App. 2003).[3]

19       As stated above, liberty interests which entitle an inmate to due process are limited

20  to freedom from restraint that imposes atypical and significant hardship on an inmate in

21  relation to the ordinary incidents of prison life.  Sandin, 515 U.S. at 484.  Therefore, to

22  determine whether an inmate is entitled to the procedural protections afforded by the Due

23  Process Clause, the Court must look to the particular restrictions imposed and ask whether

24  they "'present the type of atypical, significant deprivation in which a state might conceivably

25

26      [3] In re Scott involved an inmate's state habeas proceedings to challenge a disciplinary loss of conduct credits.  In that case, the California Court of Appeals held that a prisoner's

27  administrative violation for disrespect of prison staff did not constitute a serious rule violation under state regulations.  The case did not concern a claim for damages for violation

28  of federal due process.

1  create a liberty interest.'" <u>Mujahid v. Meyer</u>, 59 F.3d 931, 932 (9th Cir. 1995) (quoting

2  <u>Sandin</u>, 515 U.S. at 486).  Even if a court determines that a protected liberty interest has been

3  implicated, a plaintiff must specify the due process safeguard he was denied, and by whom.

4  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply

5  of rights due a defendant in such proceedings does not apply."  <u>Wolff v. McDonnell</u>, 418

6  U.S. 539, 556 (1974).  Procedural due process safeguards in a prison disciplinary hearing

7  require that the defendant receive: (1) written notice of the charges, no less than twenty-four

8  hours prior to the hearing; (2) a written statement by the factfinders as to the evidence relied

9  on and reasons for the disciplinary action and (3) a limited right to call witnesses and present

10  documentary evidence when it would not be unduly hazardous to institutional safety or

11  correctional goals to allow the defendant to do so.  <u>Id.</u> at 565-66.

12      In this case, Plaintiff alleges that an appeal was denied by the Coordinators and that

13  they knew Plaintiff would not be given supporting documentation or information.  Plaintiff

14  fails to allege facts to support that atypical and significant hardships were imposed on him

15  within the meaning of <u>Sandin</u>.  Thus, he fails to adequately allege the existence of a liberty

16  interest entitling him to due process.  Even if Plaintiff had adequately alleged the existence

17  of a liberty interest, he fails to allege facts to support that he was denied any procedural due

18  process to which he was entitled.  Plaintiff accordingly fails to state a claim.

19      **C.     Administrative Segregation**

20      In his First Amended Complaint and Declaration, Plaintiff alleges that his due process

21  rights were violated based on the following facts:  On January 3, 2008, Plaintiff was placed

22  in administrative segregation for a "Division F" offense.  CC II Kern did not put Plaintiff up

23  for transfer until May 5, 2008, or five and a half months later, which Plaintiff contends

24  violated his liberty interests.  On May 5, 2008, Plaintiff was "put up" for transfer to High

25  Desert prison despite Plaintiff's concerns about enemies there, but Kern "did nothing."

26  Plaintiff contends that Kern also extended Plaintiff's sentence in violation of <u>People v.</u>

27

28

1  Johnson, 32 Cal. 4th 260, 82 P.3d 1244 (2004).[4]

2      To the extent that Plaintiff contends that Kern's delay in putting him up for transfer

3  violated a liberty interest, Plaintiff fails to state a claim.  Confinement in administrative

4  segregation for several months, absent more, does not constitute an "atypical and significant

5  hardship" in relation to the ordinary incidents of prison confinement.  See, e.g., Sandin, 515

6  U.S. at 472 (30 days disciplinary segregation is not atypical and significant); Torres v.

7  Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (4 months in administrative segregation is not

8  atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15

9  months administrative segregation is not atypical and significant); Beverati v. Smith, 120

10 F.3d 500, 504 (4th Cir. 1997) (6 months of confinement in especially disgusting conditions

11 that were "more burdensome than those imposed on the general prison population were not

12 atypical ... in relation to the ordinary incidents of prison life."); Jones v. Baker, 155 F.3d 810

13 (6th Cir. 1998) (2.5 years of administrative segregation is not atypical and significant); Jacks

14 v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical

15 and significant hardship).

16      Cases cited by Plaintiff are not to the contrary.  In Giano v. Selsky, 238 F.3d 223, 226

17 (2d Cir. 2001), a 92-day continuation of an inmate's 670-day confinement in administrative

18 segregation created a liberty interest under New York state law, which implicated due

19 process.   In Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000), highly-restrictive

20 confinement in a Special Handling Unit (or SHU) for 305 days was held sufficient to

21 implicate due process.  As stated above, in this case, Plaintiff only alleges that he was held

22 in administrative segregation for less than six months and he does not allege that he was

23 subject to SHU-type conditions.  Plaintiff therefore fails to state a claim for violation of due

24 process.

25      To the extent that Plaintiff contends that his safety might have been jeopardized if he

26

27 ───────────────

28      [4] In Johnson, the California Supreme Court held that a criminal defendant was not
entitled to presentence credit for time spent in prison and county jail between his original
sentencing hearing and his re-sentencing hearing.

had been transferred to High Desert, Plaintiff also fails to state a claim.  Plaintiff does not allege that he was transferred to High Desert, nor does he allege facts to support that Kern knew or had reason to know that Plaintiff's safety might be jeopardized at High Desert. Plaintiff merely states that he informed Kern that he had "enemy concerns" about High Desert.  That is not sufficient to support that Kern acted with deliberate indifference to threats to Plaintiff's safety or that Plaintiff was in any way injured.  Accordingly, Plaintiff fails to state a claim on this basis.

Finally, to the extent that Plaintiff contends that Kern extended his sentence, Plaintiff's allegations are vague and conclusory.  Moreover, it appears that such claim would be subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 489 (1994).  When success on a claim could potentially affect the duration of confinement, habeas corpus is the appropriate vehicle to seek relief; a civil rights action pursuant to § 1983 is not available unless and until the prisoner has obtained a "favorable termination" of the underlying disciplinary action.  Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004).  That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination"of the underlying disciplinary action.  See Heck, 512 U.S.at 489. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Heck, 512 U.S. at 486-87.  The "favorable termination" rule has been extended to prison disciplinary actions when alleged due process defects, if established, would "necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits."  Edwards v. Balisok, 520 U.S. 641, 646 (1997); cf. Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (applying the "favorable termination rule" in challenge to parole revocation).  Thus, where success in a prisoner's action would decrease the length of his sentence, a § 1983 claim is not cognizable until the disciplinary conviction has been invalidated.  That appears to be the case

1   here.  Therefore, Plaintiff must seek review of the disciplinary proceedings and obtain a

2   "favorable termination" before he may seek damages pursuant to § 1983.

3           To challenge disciplinary proceedings, a prisoner may seek federal habeas relief

4   pursuant to 28 U.S.C. § 2254, which is the "exclusive vehicle" for a state prisoner to seek

5   relief from an administrative decision in federal court.  See White v. Lambert, 370 F.3d 1002,

6   1009-10 (9th Cir. 2004).  Before a federal court may grant habeas relief, however, a prisoner

7   must first have exhausted remedies available in the state courts.  See 28 U.S.C. § 2254(b)(1);

8   O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The federal court will not entertain a

9   petition for writ of habeas corpus unless each and every issue has been exhausted.  Rose v.

10  Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004)

11  (district court may not consider a claim until petitioner has properly exhausted all available

12  remedies).  When seeking habeas relief, the burden is on the habeas petitioner to show that

13  he has properly exhausted each claim.  Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.

14  1981) (per curiam).

15  **IV.    Claim for Which an Answer Will be Required**

16          In the First Amended Complaint and Declaration, Plaintiff alleges the deprivation of

17  property in violation of his due process rights based on the following facts: On June 26,

18  2007, "Access Catalog Company delivered Plaintiff's package" at Facility A, but Plaintiff

19  never received the package because the package was withheld pursuant to prison rules.

20  Plaintiff filed an appeal of the denial with proof of delivery.  Sergeant Duty called Appeal

21  Coordinator Herrera to learn why delivery had been denied.  After several weeks without a

22  response, Duty called Herrera again and Herrera instructed Duty to tell Plaintiff to send the

23  appeal again.  Plaintiff re-sent his appeal but never received a response.  Plaintiff adequately

24  alleges an intentional, authorized deprivation of property in violation of due process.  Herrera

25  will be required to respond to this claim.

26  **V.     Warnings**

27          **A.     Address Changes**

28          Plaintiff must file and serve a notice of a change of address in accordance with Rule

83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    All claims, except for Plaintiff's claim for deprivation of property without due process, and Defendants Williams, Spradly, Shannon, Hudson, Kern, and Martinez are **dismissed** without prejudice.

(2)    Defendant Herrera must answer Plaintiff's claim for deprivation of property in violation of due process in the First Amended Complaint and Declaration, doc.# 12.

(3)    The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint and Declaration (doc.# 12), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendant Herrera.

(4)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint and Declaration for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)    Plaintiff must not attempt service on Defendant and must not request waiver

1   of service.  Once the Clerk of Court has received the Notice of Submission of Documents and

2   the required documents, the Court will direct the United States Marshal to seek waiver of

3   service from the Defendant or serve the Defendant.

4         (6)    **If Plaintiff fails to return the Notice of Submission of Documents and the**

5   **required documents within 30 days of the date of filing of this Order, the Clerk of Court**

6   **must, without further notice, enter a judgment of dismissal of this action without**

7   **prejudice.**  See **Fed. R. Civ. P. 41(b).**

8         DATED this 6th day of November, 2009.

9

10

11                                         Mary H. Murgula

12                                 United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28