1    **WO**

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    George Reed, III,                    )    No. CV 1-08-00910-MHM
                                          )
10                    Plaintiff,           )    **ORDER**
                                          )
11   vs.                                  )
                                          )
                                          )
12                                        )
     Captain Williams; Counselor Sprady; R.)
13   Shannon; C. Hudson; J. Herrera; CC II; S.)
     Kern; H. Martinez CCII; Appeals)
14   Coordinators for Pleasant Valley State)
     Prison, et al.                       )
15                                        )
                      Defendants.          )
16                                        )
                                          )
17

18

19          Currently before the Court is Defendant's[1] Motion to Dismiss.  (Doc. 20-1).  After

20   reviewing all documents submitted by the parties and the relevant law, the Court issues the

21   following order.

22   **I.      BACKGROUND**

23          Plaintiff, who presently resides at the Pleasant Valley State Prison, initiated this action

24   pursuant to 42 U.S.C. § 1983 on June 27, 2008.  (Doc. 1).  On April 17, 2009, this Court

25   issued an order dismissing Plaintiff's complaint with leave to amend for failing to comply

26

27   ───────────────

28          [1]As of this Court's order dated November 6, 2009, J. Herrera is the only remaining
     Defendant.

1   with Rules 8 and 10 of the Federal Rules of Civil Procedure. (Doc. 11). Plaintiff filed his

2   First Amended Complaint on May 13, 2009. (Doc. 12). Six months later, on November 6,

3   2009, this Court issued an order dismissing all of Plaintiff's claims except one. (Doc. 13).

4   The surviving claim alleged that Defendant withheld a package from Plaintiff, thus depriving

5   Plaintiff of his property without due process of law. (Doc. 12). In the November 6 order,

6   the Court issued the following warning: "If Plaintiff fails to timely comply with every

7   provision of this Order . . . the Court may dismiss this action without further notice." Id.

8          On May 7, 2010, Defendant filed a Motion to Dismiss Plaintiff's due process claim

9   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20-1). Plaintiff did

10   not respond to Defendant's motion. Accordingly, on June 7, 2010, Defendant filed a

11   Declaration of Counsel in Lieu of Reply to Opposition to Defendant Herrera's Motion to

12   Dismiss. (Doc. 21) On October 25, 2010, this Court issued a notice pursuant to Wyatt v.

13   Terhune, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003), instructing Plaintiff that he had until

14   November 15, 2010, to respond to Defendant's motion, and, pursuant to Local Rule 230(l),

15   failure to do so could "be deemed a waiver of any opposition to the granting of the motion

16   and [could] result in the imposition of sanctions, including dismissal of the action." (Doc.

17   24). Plaintiff nonetheless failed to file a response to Defendant's motion.

18   **II.    DISCUSSION**

19          Local Rule of Civil Procedure 230(l) provides that failure "of the responding party to

20   file an opposition or to file a statement of no opposition may be deemed a waiver of any

21   opposition to the granting of the motion." Local Rule 230(l). Plaintiff may not escape this

22   rule simply by virtue of his being a pro se litigant. See King v. Atiyeh, 814 F.2d 565, 567

23   (9th Cir. 1986) (holding that "[p]ro se litigants must follow the same rules of procedure that

24   govern other litigants.") Accordingly, the key inquiry for the Court is whether granting

25   dismissal in this case would be appropriate.

26          The Ninth Circuit has created a "five-part 'test' to determine whether a dismissal

27   sanction is just: (1) the public's interest in expeditious resolution of the litigation; (2) the

28   court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions;

1   (4) the public policy favoring disposition of cases on the merits; and (5) the availability of

2   less drastic sanctions." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.

3   1998). Under this test, "where a court order is violated, factors 1 and 2 support sanctions and

4   4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." Id. Factor 5 "involves

5   consideration of three subparts: whether the court explicitly discussed alternative sanctions,

6   whether it tried them, and whether it warned the recalcitrant party about the possibility of

7   dismissal." Id.

8        Based on the aforementioned test, the Court's inquiry necessarily centers on factors

9   3 and 5. Under factor 3, the Court must consider the "risk of prejudice to the party seeking

10  sanctions." Valley Eng'rs, 158 F.3d at 1057. In this case, the risk of prejudice to the

11  Defendant is continued expense and delay in connection with this litigation. Defendant

12  appears to have made all reasonable efforts to ensure that the case is resolved efficiently and

13  expeditiously. Plaintiff's failure to respond to Defendant's motion frustrates those efforts

14  and prolongs the litigation process. Accordingly, factor 3 weighs in favor of granting

15  dismissal.

16       Next, the Court must consider factor 5 and its three subparts. Although the Court has

17  neither explicitly discussed alternative sanctions nor tried them, it has on several occasions

18  warned Plaintiff about the possibility of dismissal. To the extent that the alternative sanction

19  in this case would likely be an extension, the Court finds that it has already given Plaintiff

20  sufficient time to respond to Defendant's motion. Therefore, in light of this Court's repeated

21  warnings and the six months that Plaintiff has already had to answer Defendant's motion,

22  factor 5 weighs in favor of granting dismissal.

23  **III.   PLAINTIFF'S OTHER MOTIONS**

24       To the extent that the Court finds that granting dismissal in this case would be

25  appropriate, Plaintiff's additional motions for production of documents, appointment of

26  counsel, extension of time, and leave to amend (Doc. 25) are moot and the Court need not

27  consider them.

28  **IV.   CONCLUSION**

1    For the foregoing reasons, the Court finds that granting dismissal in this case would

2  be just.

3    **Accordingly,**

4    **IT IS ORDERED** granting Defendant's Motion to Dismiss.  (Doc. 20)

5    **IT IS FURTHER ORDERED** dismissing Plaintiff's amended complaint without

6  prejudice.

7    **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Production of

8  Documents, Appointment of Counsel, Extension of Time, and Leave to Amend as moot.

9  (Doc. 25)

10    **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter.

11    DATED this 22nd day of March, 2011.

12

13

14    _____

15    Mary H. Murgula
       United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -